UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Willie R. Allen,                                                                                         Civil No. 12-666 SRN/AJB

              Plaintiff,

v.                                                                            **REPORT AND RECOMMENDATION**
                                                            **ON DEFENDANT'S MOTION TO DISMISS**

Minneapolis Public Schools,

              Defendant.

    Willie R. Allen, 411 Knox Avenue North, Minneapolis, MN 55405, pro se plaintiff;

    Jeffrey A. Hassan, Esq., for defendant Minneapolis Public Schools.

    This action is before the court, Chief Magistrate Judge Arthur J. Boylan, on defendant's Motion to Dismiss [Docket No. 5]. Hearing on the motion was held on May 14, 2012, at the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415. The case has been referred to the magistrate judge for report and recommendation under 28 U.S.C. §636(b)(1). It is the court's determination herein that defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b) should be **denied** and the matter be **remanded** to Hennepin County District Court for further proceedings.

**Pleadings and Claims**

    Plaintiff Willie Allen filed his complaint in this matter on February 23, 2012, in Hennepin County District Court. The complaint alleges retaliation and discrimination in employment based upon the plaintiff's age. Defendant removed the case to United States District Court on March 15, 2012, asserting federal question jurisdiction pursuant to a claim that

the defendant violated plaintiff's rights under Title VII of the Civil Rights Act of 1964.[1] Defendant filed their motion to dismiss on March 21, 2012, and an amended supporting memorandum and notice of hearing were timely served and filed on March 27, 2012. Plaintiff Willie Allen did not timely file a memorandum in opposition to the motion to dismiss.[2]

Plaintiff filed an EEOC Charge of Discrimination dated July 2, 2010, alleging race and age discrimination and retaliation with regard to a suspension and discharge from employment with the defendant school district. The school district's asserted basis for discharge was unsatisfactory job performance. The EEOC dismissed the charge, generally stating that the provided information was insufficient to establish statutory violations.[3] The dismissal also included a Notice of Suit Rights,[4] therein advising Mr. Allen that he had 90 days from the date of receipt of the notice in which to file any lawsuit based upon Title VII or the Age Discrimination in Employment Act. The EEOC right-to-sue notice was mailed on November 7, 2011.

---

[1] The complaint does not directly cite Title VII of the Civil Rights Act of 1964. However, ¶ 5 of the pleading states, "[a]s the Plaintiff stipulated in his EEOC complaint the Defendant, through its representatives in the Department of Labor Relations and Human Resources, discriminated against the Plaintiff in respect to the Plaintiff's political affiliations and the Plaintiff's age." Plaintiff's EEOC complaint states, "I believe I was discriminated against because of my race/Black, my age/55, and in retaliation for engaging in union activities, in violation of Title VII of the Civil Rights Act of 1964, as amended." Def.'s Ex. Index, Ex. 1 [Docket No. 4].

[2] Mr. Allen did not appear at the scheduled 9:00 a.m. hearing on the motion to dismiss on May 14, 2012. However, he did present himself in chambers later in the morning, stating that he had gone to the wrong courthouse. Plaintiff was advised that the motion had been heard and was taken under advisement, and a referral to the FBA Pro Se Project for an attorney consultation was sent to him. Plaintiff was also advised to put any explanations and argument on the motion in writing. His written submissions were filed on May 15, 2012. [Docket No. 13].

[3] Def. Ex. Index, Ex. 2.

[4] Id.

Defendant Minneapolis School District now moves to dismiss this action on grounds that this action was commenced at least 107 days after the EEOC right-to-sue notice was issued and suit is therefore barred under the expressly stated 90-day limitations period for filing suit based upon federal claims.  In his post-hearing response the plaintiff first asserts fact relating to the merits of his race and age discrimination claims.  In addition, the plaintiff, in apparent reference to the removal of the case from state case, states that federal law does not apply in this case.[5]  Finally, he generally objects to dismissal of the case and seeks permission to amend the complaint to allege rights accorded under Minnesota state law.[6]

**Standard of Review**

A complaint that is being challenged on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible. Twombly, 127 S.Ct. at 1974.  When reviewing a motion to dismiss, the claim must be liberally construed, assuming the facts alleged therein to be true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 127 S.Ct. at 1964-65.  A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. Id.  Accordingly, a well-pleaded complaint will survive a

---

[5] Letter dated May 14, 2012. [Docket No. 13].

[6] Id.

motion to dismiss even where the likelihood of recovery appears remote. Id. at 1965. However, a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment. However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. Piper Jaffray v. Nat'l Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997) (citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D. Minn. 1996)). See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997).

In this matter the moving defendants have submitted exhibits along with their motion and memorandum. To the extent that the exhibits consist of EEOC documents, the court takes judicial notice of the materials and further finds that the documents are necessarily embraced in the pleadings based upon explicit references contained in the complaint. The motion to dismiss is not being treated as a Rule 56 summary judgment motion.

**Discussion**

The complaint in this matter makes reference to the plaintiff's allegations in a prior EEOC complaint, but the pleading nowhere explicitly states that relief is demanded for violation of Title VII of the Civil Rights Act of 1964 or the federal Age Discrimination in Employment Act. Although plaintiff asserts that he was the victim of age discrimination and retaliation, such causes of action are not exclusively federal in nature and may well have a basis under state law such as the Minnesota Human Rights Act. Indeed, the EEOC right-to-sue notice

recognizes as much by parenthetically stating, ("[t]he time limit for filing suit based on a claim under state law may be different.")[7]  The defendant's interpretation of the complaint to construe Title VII and federal age discrimination claims is reasonable in light of the content of the EEOC charges and the complaint's references to the EEOC action, but the court cannot ignore the absence of any expressly stated federal claim in the pleading, or plaintiff's disavowal of the application of federal law in this case.  Upon review of the pleadings the court cannot conclude that as matter of law the plaintiff has not asserted state law discrimination and retaliation claims, whether they be supplemental to federal claims or without any corresponding federal claims at all.  In either event, remand to state court is appropriate.

**Federal Question Jurisdiction.**[8]  Federal question jurisdiction exists when "the plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal law."  Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 906 (8th Cir. 2005).  Such jurisdiction is established only if a federal question is presented on the face of a properly pleaded complaint.  Pet Quarters, Inc. v. Depository Trust and Clearing, 559 F.3d. 772, 779 (8th Cir. 2009).  The court has a special obligation in every case to consider whether it has subject matter jurisdiction and such consideration may be made *sua sponte* where the court has reason to believe jurisdiction may be lacking.  Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011).

In this instance the plaintiff is not asserting federal question jurisdiction.  Even though there are tangential references to federal claims in the complaint and the removal was not patently unreasonable, it is not clear that violations of federal law are alleged or that federal

---

[7] Def. Ex. Index, Ex. 2.

[8] Pleadings in this matter clearly establish that federal jurisdiction based upon diversity of citizenship does not exist as both plaintiff and defendant are Minnesota residents.

question jurisdiction exists.  Under these circumstances the court lacks jurisdiction over claims that may exist under state law.  Though dismissal over those claims without prejudice is permissible, it is the magistrate judge's determination that remand to state court for consideration of such claims is appropriate.

**Supplemental Jurisdiction.**  To the extent that plaintiff Willie Allen is purported to re-allege discrimination claims that were asserted in his EEOC complaint, an intention that he denies, the defendant's argument that the claims are barred by the 90-day limitation on right-to-sue is correct.  At least 107 days passed between the date on which the EEOC Dismissal and Notice of Suit Rights was issued, November 7, 2011, and the date of filing this action in Hennepin County District Court, February 23, 2012.  Plaintiff offers no argument to challenge application of the time limitation or its computation.  Even upon considering a presumption that notice was received within five days after issuance, the complaint in this action was not filed within the permitted 90 days.  See Frazier v. Vilsack,  419 Fed. Appx. 686, 687, 2011 WL 855826 (8th Cir.).  Dismissal of federal discrimination claims is therefore proper.  Williams v. Thomson Corp., 383 F.3d 789, 790 (8th Cir. 2004).  Furthermore, no grounds for equitable tolling are offered or apparent in this instance.  See Id. at 791; Hill v. John Chezik Imps., 869 F.2d 1122, 1124 (8th Cir. 1989).

No argument has been presented to the court for dismissal of claims that are alleged for violation of state laws that are supplemental to the presumed federal claims that defendant has addressed.  The court therefore declines to recommend dismissal of any such claims and again concludes that remand to state court is appropriate.  Pursuant to 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over a claim if the "court

has dismissed all claims over which it has original jurisdiction ...." Indeed, though the district court has discretion in determining whether to exercise jurisdiction over pendant state law claims, the federal court should "exercise judicial restraint and avoid state law issues wherever possible." Minnesota Association of Nurse Anesthetists v. Unity Hospital, 5 F. Supp.2d 694, 711 (D. Minn. 1998)(quoting Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990)). "[W]hen state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity." American Civil Liberties Union v. City of Florissant, 186 F.3d 1095, 1098-99 (8th Cir. 1999).

Though plaintiff's apparent request that the matter be remanded to state court is somewhat belated, such remand would not offend notions of comity and would be appropriate under circumstances in which the plaintiff initially commenced the action in state court and makes no pretense that he has surviving federal claims or that federal court is a proper venue. With respect to state law claims, review of the complaint reveals that such claims are not particularly well articulated, but the court cannot hold that they are non-existent. Furthermore, plaintiff has indicated a desire to amend the pleading, and decisions as to whether such amendment should be permitted, and whether state law claims are sufficiently stated, should properly be determined by the state court on remand.

## RECOMMENDATION

Based upon the foregoing discussion and conclusions, the magistrate judge **recommends** that defendant's Motion for Dismissal [Docket No. 3] be **denied** and that the matter be **remanded** to Hennepin County District Court.

Dated:     May 23, 2012

 s/ Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

  Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before June 7, 2012.

  Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.