# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Willie R. Allen,<br><br>          Plaintiff,<br><br>v.<br><br>Minneapolis Public Schools a/k/a<br>Special School District #1,<br><br>          Defendant. | Case No. 12-cv-00666 (SRN/AJB)<br><br><br><br>**ORDER** |

Willie R. Allen, <u>pro se</u>, 411 Knox Avenue North, Minneapolis, MN 55405, for Plaintiff.

Jeffrey A. Hassan, Jeffrey A. Hassan, PLC, 9130 Telford Crossing North, Brooklyn Park, MN 55443, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.      INTRODUCTION

This matter came before the Court on Defendant Minneapolis Public Schools' Objection (Doc. No. 15) to the Magistrate Judge's Report and Recommendation ("R&R"). (Doc. No. 14.)  For the reasons that follow, the Court sustains in part and overrules in part Defendant's Objection and adopts the Magistrate Judge's R&R with clarification.

## II.      BACKGROUND

On July 2, 2010, Plaintiff Willie Allen filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging race and age discrimination and retaliation with regard to a suspension and discharge from employment with Defendant Minneapolis Public Schools.  (Doc. No. 4-1.)  Plaintiff indicated on the

Charge form that he wanted his allegations to be filed "with both the EEOC and the State or local Agency," which is identified on the Charge as the "Minneapolis Department of Civil Rights and Minnesota Department of Human Rights." (Id.) After an investigation by the EEOC, the EEOC mailed a Notice of Right to Sue Letter to Plaintiff on November 7, 2011 stating that the EEOC was "unable to conclude that the information obtained establishes violations of the statutes." (Doc. No. 4-2.) It also advised Plaintiff that he had 90 days from the receipt of the notice to file a lawsuit based upon Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act. (Id.)

Plaintiff then filed a Complaint in Hennepin County District Court on February 23, 2012, alleging retaliation and discrimination in employment based on his age. (Doc. No. 1-2.) Defendant removed the action to this Court on March 15, 2012, asserting federal question jurisdiction by stating that "[t]he Complaint alleges that the Defendants [sic] violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964." (Doc. No. 1.)

On March 21, 2012, Defendant filed a Motion to Dismiss the Complaint (Doc. No. 5) and filed a Notice of Hearing on March 23, 2012 scheduling oral argument before the Magistrate Judge on May 14, 2012. (Doc. No. 8.) Defendant also filed an amended Memorandum of Law in Support of its Motion to Dismiss on March 27, 2012, arguing that this action is barred under the 90-day limitation period for federal claims. (Doc. No. 9.) The matter was referred to the Magistrate Judge for disposition. (Doc. No. 6.)

Plaintiff did not timely file a memorandum opposing the motion to dismiss. Additionally, Plaintiff did not appear at the hearing on Defendant's Motion to Dismiss, but did "present himself in chambers later in the morning, stating that he had gone to the wrong

courthouse." (R&R at p. 2 n.2.) While Plaintiff was in the Magistrate Judge's chambers, the Court informed him that the motion was taken under advisement and that he would be provided with the contact information for the Minnesota Chapter of the Federal Bar Association's ("FBA") <u>Pro Se</u> Project. (<u>Id.</u>) The Court also informed Plaintiff that any arguments opposing the motion should be provided in writing to the Court. (<u>Id.</u>) That same day, the Magistrate Judge sent a letter to Plaintiff providing him contact information for the FBA <u>Pro Se</u> Project. (Doc. No. 12.) On May 15, 2012, Plaintiff submitted a letter to the Court informing the Court that he does not seek relief under federal law and requesting that the Court allow him to amend his Complaint and remand the action back to state court so he could pursue claims under Minnesota state law. (Doc. No. 13.)

The Magistrate Judge issued an R&R on May 23, 2012, recommending that the Court deny Defendant's Motion to Dismiss and remand the action to Minnesota state court. (Doc. No. 14.) In the R&R, the Magistrate Judge determined that it was unclear whether Plaintiff had pled federal or state law claims, but stated that he "[could] not conclude that as a matter of law the plaintiff has not asserted state law discrimination and retaliation claims." (<u>Id.</u> at p. 5.) The Magistrate Judge recognized that the Plaintiff was "not asserting federal question jurisdiction" and noted that even if the Plaintiff had asserted federal claims, those claims would be dismissed because they were not filed during the federal limitations period. (<u>Id.</u> at pp. 5–6.) Because the Defendant had not presented the Court with any argument that Plaintiff's state law claims should be dismissed, the Magistrate Judge "decline[d] to recommend dismissal of any such claims and . . . conclude[d] that remand to state court [would be] appropriate." (<u>Id.</u> at p. 6.) Defendant filed an Objection to the Magistrate

Judge's R&R on June 5, 2012.  (Doc. No. 15.)

## III.  DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 72(b)(2) requires a party objecting to a report and recommendation to "file specific written objections to the proposed findings and recommendations."  The Court makes a de novo determination of "any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b).  The Court acknowledges that the pleadings of pro se parties "[are] to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); Papantony v. Hedrick, 215 F.3d 863, 865 (8th Cir. 2000) (stating that pro se pleadings "should not unreasonably be subjected to stringent procedural niceties"); see also Fed. R. Civ. P. 8(e) ("[P]leadings must be construed so as to do justice.").

### B.  Federal Law Discrimination Claims

Defendant argues that the Magistrate Judge erred in declining to grant its Motion to Dismiss Plaintiff's claims based on federal law when remanding the case back to state court.  (Doc. No. 15 at p. 5.)  Under Federal Rule of Civil Procedure 12(b)(6), a case can be dismissed for failure to meet a statute of limitations if it appears from the face of the complaint that the statute of limitations has run.  Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004).  A Title VII claim must be filed within 90 days of receipt of the EEOC's Notice of Right to Sue.  42 U.S.C. § 2000e-5(f)(1).  Claims filed thereafter are time

4

barred.  <u>Williams v. Thomson Corp.</u>, 383 F.3d 789, 790 (8th Cir. 2004).  The 90-day period

begins to run from the day the Notice is received at the most recent address provided to the

EEOC.  <u>Hill v. John Chezik Imp.</u>, 869 F.2d 1122, 1124 (8th Cir. 1989).  Absent a challenge,

a court presumes the letter was mailed on the date shown on the notice and received three

days after mailing.  <u>Baldwin Cnty. Welcome Ctr. v. Brown</u>, 466 U.S. 147, 148 n.1 (1984).

The Magistrate Judge correctly determined that to the extent Plaintiff was alleging

violations of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act,

those claims were untimely.  (R&R at p. 6.)  The Magistrate Judge stated that the EEOC

mailed its Notice of Right to Sue Letter to Plaintiff on November 7, 2011, and the Plaintiff

did not file his action in Hennepin County District Court until February 23, 2012—107 days

after the Notice of Right to Sue Letter had been mailed.  (<u>Id.</u>)  The Magistrate Judge also

noted that Plaintiff does not challenge that the EEOC mailed its Notice of Right to Sue

Letter on November 7, 2011, or that it presumptively arrived at his address three days later

on November 10, 2011.  (<u>Id.</u>)  Additionally, the Magistrate Judge found that there were no

grounds for "equitable tolling . . . offered or apparent in this instance."  (<u>Id.</u> citing <u>Williams</u>,

383 F.3d at 791; <u>Hill</u>, 869 F.2d at 1124).  The Magistrate Judge concluded that "[d]ismissal

of [Plaintiff's] federal discrimination claims is therefore proper."  (<u>Id.</u>) (citation omitted).

While the Magistrate Judge determined that Plaintiff's claims under Title VII of the

Civil Rights Act of 1964 and the Age Discrimination in Employment Act were untimely,

the Magistrate Judge did not recommend dismissing those claims because the Plaintiff

stated in a letter to the Court that his Complaint did not allege discrimination under federal

law.  As such, the Magistrate Judge's R&R recommended that this Court deny Defendant's

Motion to Dismiss and remand the case to state court.

The Court agrees with the Magistrate Judge that Plaintiff's federal discrimination claims are time barred under the applicable statute of limitations. Although the Complaint is unclear as to whether Plaintiff is asserting discrimination claims based on federal or state law, to the extent Plaintiff is seeking relief under federal law, the Court determines that it is appropriate to grant Defendant's Motion to Dismiss. Accordingly, the Court adopts the Magistrate Judge's R&R with the clarification that it grants Defendant's Motion to Dismiss Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and Age Discrimination in Employment Act with prejudice.

## C.    State Law Discrimination Claims

Defendant next argues that the Magistrate Judge erred in remanding the case back to state court because Plaintiff failed to allege a violation of Minnesota state law. (Doc. No. 15 at pp. 8–11.) The Magistrate Judge stated in his R&R that Plaintiff's Complaint "nowhere explicitly states that relief is demanded for violation of Title VII of the Civil Rights Act of 1964 or the federal Age Discrimination in Employment Act." (Doc. No. 14 at p. 4.) The Magistrate Judge also noted that "[a]lthough plaintiff asserts that he was the victim of age discrimination and retaliation, such causes of action are not exclusively federal in nature and may well have a basis under state law such as the Minnesota Human Rights Act." (Id.)

The Court agrees with the Magistrate Judge. Plaintiff indicated on the Charge form that he wanted his allegations to be filed "with both the EEOC and the State or local Agency," which the Charge identified as the "Minneapolis Department of Civil Rights and Minnesota Department of Human Rights." (Doc. No. 4-1.) Moreover, the EEOC Notice of

6

Right to Sue Letter specifically recognizes that "[t]he time limit for filing suit based on a claim under state law may be different." (Doc. No. 4-2.) As the Magistrate Judge correctly stated, "the [C]ourt cannot ignore the absence of any expressly stated federal claim in this pleading, or plaintiff's disavowal of the application of federal law in this case." (Doc. No. 14 at p. 5.) The Supreme Court has recognized that the pleadings of pro se parties "[are] to be liberally construed" and not held the stringent standards as pleadings drafting by lawyers. Pardus, 551 U.S. at 94. While Plaintiff's state law claims are not well developed in his Complaint, the Court agrees with the Magistrate Judge that it cannot determine they are non-existent. The Magistrate properly concluded that "plaintiff has indicated a desire to amend the pleading, and decisions as to whether such amendment should be permitted, and whether state law claims are sufficiently stated, should properly be determined by the state court on remand." (Doc. No. 14 at p. 7.) Accordingly, the Court adopts the Magistrate Judge's recommendation to remand Plaintiff's state law discrimination claims to Minnesota state court and overrules the Defendant's Objection.[1]

---

[1] Defendant argues that the Magistrate Judge should not have considered Plaintiff's post hearing letter in the context of this motion. (Doc. No. 15 at pp. 4–5.) The Court determines that the Magistrate Judge properly considered the letter. The record demonstrates that Plaintiff attempted to attend the hearing, went to the wrong courthouse, and appeared in the Magistrate Judge's chambers the same day as the hearing once he learned the correct location. (Doc. No. 14 at p. 2. n.2.) The Plaintiff is representing himself pro se and the Court is required to liberally construe pleadings by pro se parties and not subject them to "stringent procedural niceties." Papantony, 215 F.3d at 865. Defendant also argues that the Court should not remand the action to state court because the state district court lacks subject matter jurisdiction over Plaintiff's Complaint. (Doc. No. 15 at pp. 11–12.) The Court determines that whether the state district court has jurisdiction over Plaintiff's Complaint is a matter that should be addressed before the state district court on remand.

## IV.    ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED THAT:**

1.    Defendant's Objection to the Magistrate Judge's R&R (Doc. No. 15) is

**SUSTAINED IN PART AND OVERRULED IN PART**;

2.    The Court **ADOPTS** the Magistrate Judge's R&R with the clarification that

Plaintiff's claims based on Title VII of the Civil Rights Act of 1964 and the

Age Discrimination in Employment Act are **DISMISSED WITH**

**PREJUDICE**; and

3.    The action is **REMANDED** to Hennepin County District Court.  The Clerk

of the Court shall mail to the Clerk of the Hennepin County District Court a

copy of this Order.

Dated: November 30, 2012                 s/Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States District Judge